68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teresa L. CARTER, Plaintiff-Appellant,
v.
Greg CORRIGAN; David Russell; Ken McDaniels; Sue Hansen,
Defendants-Appellees.
 No. 94-55414.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 13, 1995.*
Decided Oct. 17, 1995.
 
 1
 Before: BROWNING and PREGERSON, Circuit Judges, and TANNER,** District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 Teresa Carter, a former probationary officer with the County of Riverside Sheriff's Office, appeals a directed verdict in her 42 U.S.C. Sec. 1983 action. Carter contends the County violated her First Amendment rights by firing her after she gave a deposition in a co-worker's suit against the County. The County argues it did not intend to prevent Carter from testifying, but merely wished to have its attorney present. It ordered Carter not to give the deposition that day because County counsel had a scheduling conflict, but Carter gave the deposition anyway. The district court granted a directed verdict for the County. We affirm.
 
 
 4
 Under Connick v. Myers, 461 U.S. 138 (1983), Carter's speech "cannot be protected unless it 'substantially involved matters of public concern."' Johnson v. Multnomah County, 48 F.3d 420, 422 (9th Cir. 1995) (quoting McKinley v. City of Eloy, 705 F.2d 1110, 1114 (9th Cir. 1983)). However, even assuming, arguendo, that Carter's speech addressed a matter of public concern, the County may prevail if its "legitimate administrative interests outweigh the First Amendment interest in [Carter's] freedom of speech." Johnson, 48 F.3d at 422; Pickering v. Bd. of Education, 391 U.S. 563, 568 (1968). The balancing of these interests presents a legal question we decide de novo. Roth v. Veteran's Admin. of United States, 856 F.2d 1401, 1407 (9th Cir. 1988).
 
 
 5
 We conclude the balance favors the County. As the defendant in the underlying case, the County had a strong, legitimate interest in being represented by counsel at Carter's deposition. The County also had a legitimate interest in ensuring that Carter followed orders and advised her supervisors of conflicting orders. Moreover, Carter gave the deposition during her shift, affecting the performance of her duties, and gave the County only one hour notice to find someone to take her place.
 
 
 6
 No evidence suggests that the County attempted to control the content of Carter's speech. No evidence suggests that the County would not allow Carter to be deposed at a later date. Instead, the County wished merely to have its attorney attend the deposition.
 
 
 7
 Carter argues she had a legitimate fear of contempt sanctions if she did not appear for the deposition. However, Carter could have protected this interest by giving her supervisors more than one hour notice that she planned to appear for the deposition as scheduled, thus allowing the County to seek a protective order.
 
 
 8
 In short, this case is about a discovery scheduling dispute and an employee grievance, not the First Amendment.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 The Honorable Jack E. Tanner, Senior Judge, United States District Court for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3